UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

D'MARKIOUS A. NOEL,

       Petitioner,

v.                                    CASE NO. 6:13-cv-1692-Orl-37KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

       Respondents.

_____

## ORDER

    Petitioner filed a petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1).   Respondents filed an amended response to the petition in compliance with this Court's instructions (Doc. No. 6).   Petitioner filed a reply to the response and a supplement to the reply (Doc. Nos. 10 & 11).

    Petitioner alleges two claims for relief.   For the following reasons, the Court concludes that the petition is untimely and must be dismissed.

### I.   *Procedural History*

    Petitioner entered a plea of nolo contendere to robbery with a weapon.   The state court sentenced Petitioner as a youthful offender to a 366-day term of imprisonment to be followed by four years and 364 days of probation.   Petitioner did not appeal.

    After completing the incarcerative term of his sentence, an affidavit of violation of probation ("VOP") was filed against Petitioner.   (App. A at 133-35.)   The state court found Petitioner guilty of VOP, revoked his probation, and sentenced him to a ten-year

term of imprisonment.   Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam* on February 2, 2010.   (App. C.)

On April 6, 2010, Petitioner filed a motion to correct an illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure.   (App. D at 27.)   The state court initially granted the motion in part but subsequently granted the State's motion for rehearing and denied the Rule 3.800(a) motion.   *Id*. at 63, 144.   Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.   Mandate issued on April 29, 2011.   (App. F.)

Petitioner file a second Rule 3.800(a) motion on August 11, 2011.   (App. G.)   The state court denied the motion as successive.   (App. H.)   Petitioner appealed.   The Fifth District Court of Appeal affirmed *per curiam*.   Mandate issued on May 11, 2012.   (App. J.)

On September 28, 2012, Petitioner filed another Rule 3.800(a) motion.   (App. K.)   The state court dismissed the motion as successive.   Petitioner appealed.   The Fifth District Court of Appeal affirmed *per curiam*.   Mandate issued on May 31, 2013.   (App. O.)

Petitioner initiated the instant action on October 28, 2013.   (Doc. No. 1.)

II.   ***Petitioner's Habeas Corpus Petition is Untimely***

Pursuant to 28 U.S.C. § 2244:

    (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --

        (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the appellate court entered its order of affirmance of Petitioner's VOP on February 2, 2010.   Petitioner then had ninety days, or through May 3, 2010, to petition the Supreme Court of the United States for writ of certiorari. *See* Sup. Ct. R. 13.[1] Thus, under § 2244(d)(1)(A), the judgment of conviction became final on May

---

    [1] Rule 13 provides as follows:

3

3, 2010, and Petitioner had through May 3, 2011, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the Supreme Court has expired).

Under § 2244(d)(2), the one year limitations period was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings.   Petitioner filed his first Rule 3.800(a) motion on April 6, 2010, tolling the limitations period through April 29, 2011.   On April 29th, no time had expired from the one-year limitations period.   A total of 104 days expired before Petitioner filed his second Rule 3.800(a) motion on August 11, 2011.   The limitations period was tolled from August 11, 2011 through May 11, 2012, when Petitioner's second Rule 3.800(a) proceeding concluded.   Another 140 days expired before Petitioner filed his third Rule 3.800(a) motion on September 28, 2012, tolling the limitations period through May 31, 2013.   At the conclusion of Petitioner's third Rule 3.800(a) proceeding, 121 days (365 – 104 - 140 = 121) remained in which

---

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).   But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

Petitioner could timely file his federal habeas petition or through September 29, 2013. Petitioner did not file his petition, however, until October 28, 2013.

Petitioner argues that he is entitled to equitable tolling.  In support of his argument, Petitioner maintains that (1) his defense and appellate counsel did not advise him of the limitations period, (2) his appellate counsel advised him not to dismiss his Rule 3.800(a) motion, and (3) his appellate counsel abandoned him on direct appeal by filing a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967).   (Doc. No. 10 at 5-6, 8.)

The Supreme Court of the United States has held that AEDPA's one-year statutory limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases."   *Holland v. Florida*, 560 U.S. 631, 645 (2010).   Equitable tolling is appropriate when a petitioner demonstrates: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).   "The diligence required for equitable tolling purposes is 'reasonable diligence,'. . . 'not maximum feasible diligence. . . .'"   *Id.* at 653 (internal quotations and citations omitted).   To show extraordinary circumstances, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition."   *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)).   The Eleventh Circuit Court of Appeals has held that "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary

circumstance' for purposes of equitable tolling; abandonment of the attorney-client relationship . . . is required." *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 481-82 (11th Cir. 2014). As explained by the Eleventh Circuit:

> It is well settled that "[t]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin,* 633 F.3d at 1268. A petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." *Hutchinson v. Florida,* 677 F.3d 1097, 1099 (11th Cir. 2012). "And the allegations supporting equitable tolling must be specific and not conclusory." *Id.* In light of the petitioner's burden, district courts are not "required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface." *Chavez,* 647 F.3d at 1061.

*Lugo v. Sec'y, Fl. Dep't of Corr.*, 750 F.3d 1198 (11th Cir. 2014).

The lack of advice from Petitioner's attorneys regarding the limitations period, his appellate attorney's advice to pursue his Rule 3.800(a) motion, and appellate counsel's filing of an *Anders* brief are not extraordinary circumstances that prevented Petitioner from timely filing the petition. Counsel were not required to notify Petitioner of the one-year limitations period, particularly when they were not representing him in his post-conviction proceedings. At most, Petitioner alleges only negligence. Moreover, there is no causal connection between counsel's filing of an *Anders* brief or advice to pursue a Rule 3.800(a) motion and the late filing of the petition. Thus, Petitioner has not demonstrated that an extraordinary circumstance prevented him from timely filing his petition.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant

petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

## III.    *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).    To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009).   When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed.   *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.    Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable.    Petitioner has failed to make a substantial showing of the denial of a

constitutional right.     Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.     The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.     Petitioner is **DENIED** a Certificate of Appealability.

3.     The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 2nd day of March, 2015.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-1
D'Markious A. Noel
Counsel of Record